## MORROW v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, *Appellant.*

**Railroads** : DOUBLE DAMAGES FOR KILLING CATTLE: PLEADING. To au-
thorize a judgment against a railroad company for double the value
of an animal killed on its track, the petition must aver, either di-
rectly or inferentially, that the killing was occasioned by the failure
of the company to erect and maintain fences as required by section
809, Revised Statutes 1879. *Cunningham v. R. R. Co.*, 70 Mo. 202;
*Sloan v. R. R. Co., ante*, p. 47, followed.

*Appeal from Atchison Circuit Court.*—HON. H. S. KELLEY,
Judge.

REVERSED.

The petition stated the running against and over plaint-
iff's mare by the locomotive and cars of the defendant;
that the place where this occurred was open prairie and
not near any crossing ; and that defendant had neglected
and failed to fence its railroad, although it had been built
more than three months.

*Strong & Mosman* for appellant.

*R. H. Crandal* for respondent.

HOUGH, J.—This was a suit under section 809, Revised
Statutes, to recover double the value of a mare belonging
to the plaintiff, alleged to have been killed by the engine
and cars of the defendant. There was a verdict for the
plaintiff, and judgment for double damages. The petition
fails to state that the injury was occasioned by the failure
of the defendant to construct and maintain fences and cat-
tle-guards as required by said section, and under the pre-
vious rulings of this court, it is, therefore. insufficient to
support the judgment. *Cunningham v. R. R. Co.*, 70 Mo.
202; *Sloan v. R. R. Co., ante*, p. 47. The judgment must,
therefore, be reversed, but as the cause was originally in-

stituted in the circuit court, and the petition may, therefore, be amended so as to state a cause of action, although it states none now, the cause will be remanded for further proceedings. The other judges concur.